**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS HOWARD and ROBERT WELDY, ex rel. United States of America, | No. 13-16118 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-01890-GMN-PAL |
| v. | |
| SHOSHONE-PAIUTE TRIBES OF THE DUCK VALLEY INDIAN RESERVATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted June 10, 2015[**]
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges and RAKOFF,[***] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Appellants Thomas Howard and Robert Weldy ("Relators") appeal from the district court's dismissal of their False Claims Act ("FCA") complaint against the Shoshone Paiute Tribes of the Duck Valley Indian Reservation (the "Tribe"). We affirm.

The district court correctly concluded that the Tribe, like a state, is a sovereign that does not fall within the definition of a "person" under the FCA. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778–87 (2000) (applying the "longstanding interpretive presumption that 'person' does not include the sovereign," to be "disregarded only upon some affirmative showing of statutory intent to the contrary"). As the district court explained, "the same historical evidence and features of the FCA's statutory scheme that failed to rebut the presumption for the states in *Stevens*, here similarly fail to rebut the presumption for sovereign Indian tribes." Therefore, Relators have failed to state a claim under the FCA, and the action was properly dismissed for lack of subject matter jurisdiction.

Nor did the district court abuse its discretion in denying Relators' Rule 59 motion to alter or amend the judgment. "A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted).

In addition, the Tribe's charter has been a public document since 1936 and is not "newly discovered" evidence. *See Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 212 (9th Cir. 1987).

**AFFIRMED.**